UNITED STATES DISTRICT COURT
for the
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Maher Yassin,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Pioneer Energy Services,<br><br>and<br><br>Hess Corporation,<br><br>and<br><br>Petroleum Experience, Inc.<br><br>　　　　Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)**<br><br><br>Court File No. |

　　　　Plaintiff Maher Yassin ("Plaintiff Yassin"), by his attorneys Brent S. Schafer and Joseph A. Larson, brings this action for damages and other legal and equitable relief from Defendants Pioneer Energy Services ("Pioneer"), Hess Corporation ("Hess") and Petroleum Experience, Inc.'s ("Petroleum Experience") violations of law, stating the following as his claims against Defendants:

## PARTIES

　　　　1.　　　For all times pertinent to this action, Plaintiff Yassin lived in Williston, North Dakota.

　　　　2.　　　For all times pertinent to this action, Yassin was an "employee" of the Pioneer under the definition in 42 U.S.C § 2000e(f).  Pioneer was his "employer" within the meaning of 42 U.S.C. § 2000e(b).

3. Pioneer is a corporation whose home office is located at 1250 NE Loop 410 Suite 1000, San Antonio, TX 78209.

4. Hess is a corporation whose home office is located at 1185 Avenue of the Americas, 40th Floor, New York, NY 10036.

5. Petroleum Experience is a corporation whose home office is located at 4973 Highway 85, Williston, ND 58801.

## JURISDICTION & VENUE

6. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*., as amended by the Civil Rights Act of 1991. Jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343(a)(4). Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims under North Dakota state law.

7. The unlawful practices described herein have been committed in the District of North Dakota, the employment records relevant to those practices are, upon information and belief, maintained and administered in the District of North Dakota, and all three Defendants operate in the District of North Dakota.

8. All conditions precedent to this action have been fulfilled. On May 5, 2014, the EEOC issued Plaintiff Yassin a notice of right to sue letter, which, upon information and belief, Plaintiff Yassin received roughly one week later. Plaintiff timely commenced this action within 90 days of receipt of the right to sue letter.

## FACTUAL ALLEGATIONS

9. Plaintiff Yassin was born in Florida to Palestinian parents and was raised on the West Bank. He is a Muslim. He migrated back to the United States in 2004 when he turned eighteen. Plaintiff Yassin is currently 27 years old.

10. Plaintiff Yassin began working for Pioneer as a Level 1 floorhand on August 26, 2013 on oil rigs in Williston, North Dakota. Plaintiff Yassin regularly worked sixteen (16) hours per day, with two weeks on and one week off. He earned $8,880.00 per month in wages and a $125.00 per diem/per day.

11. The oil rigs Plaintiff Yassin worked on are owned by Hess. Hess contracted with Pioneer for floorhands/laborers and with Petroleum Experience for supervisor on each rig. Employees from Hess, Petroleum Experience and Pioneer all worked together on the oil rigs.

12. Plaintiff Yassin was discriminated against by white, American-born co-workers and supervisors from the beginning of his employment on August 26, 2013 until his termination on December 2, 2013. Plaintiff Yassin was subjected to discriminatory statements based on his race, religion and national origin. He was referred to on numerous occasions as "camel jockey," "sand nigger," "son of a bitch," "terrorist," "Achmed the Dead Terrorist," and other derogatory terms.

13. Sam Rathbun ("Rathbun"), a consultant from Petroleum Experience, specifically referred to Plaintiff Yassin in this way, spit on him, and questioned his work ethic and toughness in ways that Plaintiff Yassin's white co-workers were not treated. Rathbun also fabricated stories about Yassin's work ethic to Plaintiff Yassin's supervisors at Pioneer.

14. Rathbun's false reports caused Plaintiff Yassin to be called into a meeting with his operators, Mike Peterson, Mike Webber, and a Human Resources representative from Pioneer. Mike Webber also regularly addressed Plaintiff Yassin with derogatory terms similar to those described above. During this meeting, Pioneer Human Resources representative informed Plaintiff Yassin that Yassin was the "worst worker" they had ever had. Plaintiff Yassin had

3

worked with Pioneer for less than two months at that point. Plaintiff Yassin was transferred from Rig #1 to Rig #33 following the meeting.

15. Roughly two days after being transferred, Plaintiff Yassin was again called into the office by the Pioneer Human Resources representative. That representative and Terry Lynch, the President of Pioneer, informed Plaintiff Yassin that Pioneer was having problems with Rathbun and they wanted to fire him. They wanted Plaintiff Yassin to document Rathbun's discriminatory conduct.

16. Pioneer's Human Resources representative and Terry Lynch instructed Plaintiff Yassin to draft a written statement outlining Rathbun's harassment of Plaintiff Yassin, as well as any other violations or inappropriate behavior Plaintiff Yassin witnessed while working under Rathbun's supervision. Plaintiff Yassin did as he was instructed and Rathbun was removed from his position. Plaintiff Yassin alleges that his statement was used as a convenient pretext for removing Rathbun from his position.

17. Other Pioneer workers believed Plaintiff Yassin, not management, wanted Rathbun removed. Plaintiff Yassin gained a reputation as a worker that would rat on coworkers to management. Several workers blamed Plaintiff Yassin for Rathbun's removal and continued to verbally abuse Plaintiff Yassin because of his race, religion and national origin.

18. On Rig #33, Plaintiff Yassin was still subject to degrading remarks similar to those outlined above by other co-workers, specifically workers named Charles and Joe from Pioneer, and Brian, who was the consultant and supervisor on Rig #33 from Petroleum Experience.

19. On one occasion, Joe drew a mosquito on Plaintiff Yassin's locker to signify that Plaintiff Yassin was a foreigner sucking the resources out of the United States.

20. On another occasion, Plaintiff Yassin, Charles, Joe and others were stacking pipe. Charles was running the frontloader and asked Plaintiff Yassin to hold the pipe as Charles dumped the pipes on the stack. Charles intentionally dumped the pipes in a manner that threatened Plaintiff Yassin's physical safety. When Plaintiff Yassin moved, Charles exited the front loader, called Plaintiff Yassin a "stupid camel jockey" and reported Plaintiff Yassin to the tool pusher on site. The tool pusher wrote up the incident and forced Plaintiff Yassin to sign documents verifying the tool pusher's story, threatening to fire him if he did not comply. The write-up stated that the accident was the result of a lack of communication and that it was Plaintiff Yassin's fault.

21. In mid-November 2013, Plaintiff Yassin was intentionally injured on the job by Brian, Joe and Charles. On or about the date of his injury, Plaintiff Yassin was due a promotion and raise for completing one month of work on Rig #33. At the safety meeting that morning, it was announced that Plaintiff Yassin would be working on the floor that day. Upon hearing this, Brian, the supervisor, stated to Charles and Joe: "Take care of him." Plaintiff Yassin overheard this and was concerned for his safety.

22. Later that same day, the three men were pulling 4 ½ inch pipe. Plaintiff Yassin was holding pipe on the floor while Charles operated the tongs. Charles instructed Plaintiff Yassin to continue holding a length of pipe. Charles then intentionally, prematurely and without notice, released the length of pipe while Plaintiff Yassin was still holding it. The length of pipe fell, crushing Plaintiff Yassin's right hand. Plaintiff Yassin suffered serious injury as a result.

23. After the incident, Plaintiff Yassin went to the doghouse to seek medical attention. Joe followed him into the doghouse and told him, in a diatribe laced with

discriminatory names and obscenities similar to those described above, to collect his things and never come back to the rig.

24.     Plaintiff Yassin was treated and his doctors instructed him that he could go back to work with a "light duty" restriction. However, when he reported back to work on the rig, Plaintiff Yassin was subjected to treatment designed to force him to quit. Although his hand was seriously injured, he was instructed to shovel snow, hold boxes and complete other tasks that did not qualify as "light duty." Plaintiff Yassin informed his supervisor how his co-workers intentionally injured him, the supervisor replied, "It's okay. You're an Arab. I'll have them kill you later.

25.     Plaintiff Yassin was forced to miss two days of work due to the pain from the injury that was further aggravated as a result of the work he was forced to do. As a result, Pioneer terminated him on December 2, 2013.

26.     Since he was hired, Plaintiff Yassin was treated differently than the American-born, white men who worked in the same job. Plaintiff Yassin was targeted by management and co-workers because of his race, religion and national origin. He was also retaliated against for making a report outlining Rahtbun's discriminatory conduct. He was subjected to a hostile working environment.

27.     Plaintiff Yassin suffered severe injuries to his finger and hand due to the intentional and negligent conduct of employees of Pioneer, Hess and Petroleum Experience.

28.     Plaintiff Yassin continues to experience physical pain from his injuries and emotional distress and mental anguish due to these events.

29. On March 24, 2014, Plaintiff Yassin filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his national origin, race, religion and retaliation.

30. On May 5, 2014, the EEOC issued a notice of right to sue letters regarding Plaintiff Yassin's claims.

31. As a direct and proximate result of the conduct above described, Plaintiff Yassin has suffered physical injuries, severe emotional distress, mental anguish, embarrassment, and humiliation. Further, as a direct and proximate result of the above conduct, Plaintiff Yassin has also suffered lost wages and job benefits. All of these damages are as yet undetermined, but are believed to be in an amount in excess of $75,000.00.

**COUNT I:**
**DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2 AGAINST PIONEER**

32. Plaintiff Yassin realleges each paragraph of the Complaint as if fully set forth herein.

33. Plaintiff and Defendant Pioneer herein named are employee and employer respectively for purposes of the definitions set forth in 42 U.S.C. § 2000e, *et. seq.*

34. 42 U.S.C. § 2000e-2(a)(1) provides that it is unlawful for an employer to discriminate against any individual with respect to his/her compensation terms, conditions, or privileges of employment, because of such individual's race, religion and national origin.

35. Plaintiff Yassin, a Palestinian-born Muslim, is a member of the protected class and entitled to the protections of Title VII, 42 U.S.C. § 2000e, *et seq.,* including, but not limited to, the right to be free from a hostile or offensive working environment in his employment.

36. During Plaintiff Yassin's employment, he was repeatedly subjected to slurs, abuse and disparate treatment as a result of his race, religion and national origin.

37. Said harassment was directed at Plaintiff Yassin because of his race, religion and national origin.

38. Plaintiff Yassin was qualified for his position at Defendant Pioneer.

39. The harassment was severe and pervasive, and adversely affected the terms, conditions and privileges of Plaintiff Yassin's employment.

40. Defendant Pioneer knew or should have known of the harassment and failed to take timely and appropriate action.

41. This harassment substantially interfered with Plaintiff Yassin's employment and created an intimidating, hostile and offensive work environment in violation of Title VII, 42 U.S.C. § 2000e-2.

42. As a direct and proximate result of this harassment, Plaintiff Yassin has suffered past and present loss of income, mental anguish, humiliation, embarrassment, and other damages in excess of $75,000.00.

43. Defendant Pioneer committed the above acts with malice, reckless disregard or deliberate disregard for the rights and safety of the Plaintiff Yassin. As a result, Plaintiff Yassin is entitled to punitive damages in excess of $75,000.00.

**COUNT II:**
**REPRISAL DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e-3 AGAINST PIONEER**

44. Plaintiff Yassin realleges each paragraph of the Complaint as if fully set forth herein.

45. 42 U.S.C. § 2000e-3 provides that it is an unlawful employment practice for an employer to discriminate against any individual because he has opposed any practice made an unlawful employment practice.

46. Defendant Pioneer's conduct in connection with Plaintiff Yassin's employment was in violation of 42 U.S.C. § 2000e-3.

47. Plaintiff Yassin engaged in protected activity, reporting harassment based on race, religion and national origin harassment to his supervisors.

48. Defendant Pioneer responded with adverse employment action, including, but not limited to refusing to take action to remedy Plaintiff Yassin's hostile work environment, unfairly criticizing his work, insisting that Plaintiff Yassin would have to continue to work in a hostile work environment or he would lose his job, putting him in danger of physical harm and ultimately terminating his employment.

49. As such, Plaintiff Yassin was intentionally injured on the job. When he came back to work, he was not put on light duty. When he missed two days of work due to the pain from his injuries, he was terminated.

50. Defendant Pioneer's conduct constitutes reprisal under 42 U.S.C. § 2000e-3.

51. As a direct and proximate result of Defendant Pioneer's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

52. The above acts were committed with malice, reckless disregard, or deliberate disregard for the rights and safety of Plaintiff Yassin. As a result, Plaintiff Yassin is entitled to punitive damages in excess of $75,000.00.

## COUNT IV:
## GROSS NEGLIGENCE AGAINST PIONEER, HESS AND PETROLEUM EXPERIENCE

53. Plaintiff Yassin repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

54. Defendants Pioneer, Hess and Petroleum Experience owed a duty to the Plaintiff to: (1) provide Plaintiff with a safe environment in which to work; (2) train and supervise each employee working on the rig to prevent injuries to workers; and (3) ensure that no injuries to workers occurred.

55. Defendants Pioneer, Hess and Petroleum Experience created hazardous conditions by failing to operate as a safe and prudent operator would under the same or similar circumstances.

56. Defendants Pioneer, Hess and Petroleum Experience breached the duties owed to the Plaintiff Yassin by failing to provide Plaintiff Yassin with a safe working environment.

57. By and through their employees, Defendants Pioneer, Hess and Petroleum Experience had knowledge an injury was certain to occur to Plaintiff Yassin and willfully disregarded that knowledge.

58. By and through their employee's conduct, Defendants Pioneer, Hess and Petroleum Experience intended to cause Plaintiff Yassin's injuries.

59. The lack of adequate and necessary safety precautions and supervision of the workers was known to Defendants Pioneer, Hess and Petroleum Experience, and as a result, Plaintiff Yassin was intentionally injured on the jobsite, which constitutes gross negligence and conscious indifference to the safety of Plaintiff Yassin.

60. As a direct and proximate result of Defendants Pioneer, Hess and Petroleum Experience's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

## COUNT V:
## NEGLIGENCE AGAINST DEFENDANTS HESS AND PETROLEUM EXPERIENCE

61. Plaintiff Yassin realleges each paragraph of the Complaint as if fully set forth herein.

62. Plaintiff's injuries resulted from the negligence and gross negligence of Defendants Hess and Petroleum Experience, jointly and severally. Defendant Hesss and Petroleum Experience owed a duty to the Plaintiff to: (1) provide Plaintiff with a safe environment in which to work; (2) train and supervise each employee working on the rig to prevent injuries to workers; and (3) ensure that no injuries to workers occurred.

63. Defendants Hess and Petroleum Experience created hazardous conditions by failing to operate as a safe and prudent operator would under the same or similar circumstances.

64. Defendants Hess and Petroleum Experience breached the duties owed to the Plaintiff Yassin by failing to provide Plaintiff Yassin with a safe working environment. Specifically, Defendants Hess and Petroleum Experience were negligent by failing to properly supervise the workers on the rig and ensure that all the work was done in a safe way for the protection of the workers on the rig despite the foreseeable risks of injury.

65. The lack of adequate and necessary safety precautions and worker supervision on the rig was known to the aforementioned Defendants Hess and Petroleum Experience, and the drilling of a high-pressure well with heavy machinery under these conditions constitutes negligence and conscious indifference to the safety of the workers.

66. The negligence of Defendants Hess and Petroleum Experience proximately caused Plaintiff Yassin's injuries.

67. As a direct and proximate result of Defendants Hess and Petroleum Experience's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

## COUNT VI:
## NEGLIGENT SUPERVISION AGAINST DEFENDANTS HESS AND PETROLEUM EXPERIENCE

68. Plaintiff Yassin repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

69. A principal conducting activities through agents is subject to liability for harm resulting from the actions of such agents if the principal is negligent or reckless in the supervision of the agents' activities.

70. Defendants Hess and Petroleum Experience, at all times relevant to the claims herein, employed laborers who acted as agents on their behalf.

71. If Defendants Hess and Petroleum Experience had properly supervised their workers, the common and safe procedures for rigging drilling pipe would have been followed and Plaintiff Yassin would not have been injured by Defendants' employees' unsafe behavior.

72. The failure of Defendants Hess and Petroleum Experience to properly supervise their workers proximately caused Plaintiff Yassin's injuries.

73. As a direct and proximate result of Defendants Pioneer, Hess and Petroleum Experience's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of

past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

## COUNT VII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS HESS AND PETROLEUM EXPERIENCE

74. Plaintiff Yassin realleges each paragraph of the Complaint as if fully set forth herein.

75. By and through their employees, Defendants Hess and Petroleum Experience intentionally and/or recklessly inflicted emotional distress on Plaintiff Yassin by harassing him and causing him physical injury.

76. By and through their employees, Defendants Hess and Petroleum Experience's conduct was extreme and outrageous.

77. By and through their employees, Defendants Hess and Petroleum Experience's conduct was intentional and/or reckless.

78. By and through their employees, Defendants Hess and Petroleum Experience's conduct caused Plaintiff Yassin severe emotional distress.

79. By and through their employees, Defendants Hess and Petroleum Experience's conduct was so outrageous in character and so extreme in degree as to go beyond the pale of decency and is regarded as intolerable in a civilized society.

80. Defendants Hess and Petroleum Experience's employees' conduct occurred within the work related limits of time and place and was related to their employment duties.

81. By and through their employees, Defendants Hess and Petroleum Experience's tortious conduct proximately caused Plaintiff Yassin's injuries.

82. As a direct and proximate result of Defendants Hess and Petroleum Experience's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

**COUNT IX:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST HESS AND PETROLEUM EXPERIENCE**

83. Plaintiff realleges each paragraph of the Complaint as if fully set forth herein.

84. By and through their employees, Defendants Hess and Petroleum Experience negligently inflicted emotional distress on Plaintiff Yassin by harassing him.

85. By and through their employees, Defendants Hess and Petroleum Experience negligently engaged in conduct that constituted harassment of Plaintiff Yassin.

86. It was reasonably foreseeable that the employees of Defendants Hess and Petroleum Experience's conduct would result in severe emotional distress for Plaintiff Yassin.

87. The employees of Defendants Hess and Petroleum Experience's conduct did result in severe emotional distress for Plaintiff Yassin.

88. Defendants Hess and Petroleum Experience's employees' conduct occurred within the work related limits of time and place and was related to their employment duties.

89. By and through their employees, Defendants Hess and Petroleum Experience's negligent conduct proximately caused Plaintiff Yassin's injuries.

90. As a direct and proximate result of Defendants Hess and Petroleum Experience's unlawful conduct, Plaintiff Yassin has suffered and will continue to suffer a loss of past and future income, mental anguish, emotional distress, humiliation, embarrassment, and other damages in excess of $75,000.00.

## DAMAGES

91. Plaintiff Yassin repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

92. Under Title VII, Plaintiff Yassin is entitled to compensatory, punitive, and equitable damages, as well as attorney's fees. Compensatory damages include back wages, front wages and damages for emotional distress.

93. As a direct and proximate result of Defendants Pioneer, Hess and Petroleum Experience's intentional, negligent, and grossly negligent acts and/or omissions described above, Plaintiff Yassin suffered substantial injuries and damages for which he seeks recovery in an amount that the jury determines to be fair and reasonable, including, but not limited to, the following damages:

   a. *Past & Future Medical Expenses:* Plaintiff Yassin incurred bodily injuries, which were caused by the incident in question and will, in reasonable probability, continue to incur reasonable and necessary medical expenses in the future.

   b. *Past & Future Physical Pain:* Plaintiff Yassin suffered physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.

   c. *Past & Future Mental Anguish:* Plaintiff Yassin has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future.

   d. *Past & Future Loss of Earning/Earning Capacity:* Plaintiff Yassin has suffered a loss of earning and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.

   e. *Past & Future Physical Impairment:* Plaintiff Yassin has sustained physical impairment in the past and will continue, in reasonable probability, to sustain physical impairment in the future.

   f. *Past & Future Disfigurement:* Plaintiff Yassin has sustained disfigurement in the past and will, in reasonable probability, continue to sustain disfigurement in the future.

## CONDITIONS PRECEDENT

15

94. All conditions precedent to Plaintiff Turner's right to recover the relief sought herein have occurred or have been performed.

## JURY TRIAL DEMANDED

95. Plaintiff Yassin requests a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Yassin prays that upon legal trial or hearing of this cause that judgment be rendered against Defendant Pioneer, Hess and Petroleum Experience; that the judgment bear interest as allowed by law; for pre-judgment and post-judgment interest; that costs of Court be taxed against the defense; and for such other and further relief, at law and in equity, to which this Court or the jury deems just and proper.

**SCHAFER LAW FIRM, PA**

Dated: August 5, 2014

*s/ Brent S. Schafer*_____
Brent S. Schafer (N.D. Bar # 07213)
991 Sibley Memorial Highway, Suite 207
Lilydale, MN  55118
Direct: (651) 209-1919
Fax: (651) 454-8821
bschafer@schaferlawfirm.com
*Attorney for Plaintiff*

**JOSEPH A. LARSON LAW FIRM PLLC**

Dated: August 5, 2014

*s/ Joseph A. Larson*_____
By: Joseph A. Larson  (Minn. Bar #0390522)
P.O. Box 4127
St. Paul, MN 55104
Direct: (612) 618 – 8361
Fax: (612) 284 - 8716
jlarson@joelarsonlaw.com
*Attorney for Plaintiff*